**Anibal Rene ABREGO–AQUINO,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

**No. 06–72976.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anibal Rene Abrego–Aquino, Huntington Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sharon M. Clay, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Anibal Rene Abrego–Aquino, native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We review Abrego–Aquino's asylum and withholding claim for substantial evidence, *Nahrvani v. Gon-zales,* 399 F.3d 1148, 1151 (9th Cir.2005), and constitutional claim de novo, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the agency's determination that Abrego–Aquino failed to establish past persecution or a well-founded fear of future persecution based on a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence also supports the agency's finding that Abrego–Aquino failed to establish a well-founded fear of future persecution, because his fear is too speculative. *See Nahrvani,* 399 F.3d at 1154.

■ Because Abrego–Aquino failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

■ Abrego–Aquino's contention that the IJ was prejudiced fails because he failed to show that he did not have a full and fair hearing. *See Colmenar,* 210 F.3d at 971.

■ We lack jurisdiction to review Abrego–Aquino's claim for humanitarian asylum because he failed to exhaust it before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.